IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE L. PHILLIPS,

                    Plaintiff,

  v.                                                           ORDER

EDWARD WALL, et al.,                                16-cv-176-jdp

                    Defendants.

---

On April 8, 2016, this court entered an order directing plaintiff Jackie L. Phillips, a patient confined at the Sand Ridge Secure Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes, to submit an initial partial payment of the filing fee in the amount of $13.59 by April 29, 2016. Dkt. 23. Now plaintiff has filed a letter asking the court to waive the initial partial payment and forgo screening his complaint. Dkt. 24.

In his motion, plaintiff says that the April 8 order entered by the magistrate judge incorrectly states that he is subject to the Prison Litigation Reform Act (PLRA). Plaintiff asserts that he should not have to pay any filing fee for bringing this civil action, initial partial or otherwise, because he is not a prisoner or subject to the PLRA. Plaintiff is correct in that he is not subject to the PLRA. But the magistrate judge correctly assessed plaintiff an initial partial filing fee in this case. This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the PLRA.

Regardless of whether a litigant is a prisoner, he may be required to pay an initial partial payment if he is granted leave to proceed *in forma pauperis. Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) ("Partial-payment requirements remain appropriate

even when the PLRA does not apply."). This court has adopted the PLRA's method for determining indigency in cases involving institutionalized persons partly because the method is fair, easy to apply, and results in institutionalized persons having to relinquish only a fraction of their average monthly deposits to the court. The Seventh Circuit has found this approach to be sound. *Id.*

The resident account statement that plaintiff submitted shows regular deposits to his account averaging $67.95 a month. Because plaintiff has received regular deposits to his account, I will deny his motion to waive the initial partial filing fee. But I will give plaintiff additional time—until May 20, 2016—to pay the initial partial payment.

Turning to plaintiff's request to waive the screening of his complaint, plaintiff should be aware that the standard for screening complaints by prisoners or by plaintiffs proceeding *in forma pauperis* is effectively the same: I must determine whether the complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2), 1915A. As the Seventh Circuit has held, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). Accordingly, once the court receives plaintiff's initial partial payment, I will screen his complaint even though he is not a prisoner.

ORDER

IT IS ORDERED that:

1. Plaintiff Jackie Phillips's motion to waive the initial partial filing fee and screening of the complaint, Dkt. 24, is DENIED.

2. Plaintiff must prepay $13.59 of the $350 filing fee by May 20, 2016. If plaintiff fails to make the required payment by May 20, 2016, or show cause for his failure to do so, then I will conclude that he has withdrawn this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff filing it again at a later date.

Entered April 27, 2016.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge